973 So.2d 492 (2007)
Lawrence M. DESTEFANO, Appellant/Cross-Appellant/Cross-Appellee,
v.
ADVENTIST HEALTH SYSTEM SUNBELT, etc., et al., Appellee/Cross-Appellants.
No. 5D06-75.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Rehearing Denied February 8, 2008.
Nicholas A. Shannin, Gotha for Appellant/Cross-Appellee.
Larry J. Townsend and David L. Evans of Mateer & Harbert, P.A., Orlando, for Appellee/Cross-Appellant Orlando Regional HealthCare System, Inc.
George N. Meros, Jr., and Allen C. Winsor of Gray Robinson, P.A., Tallahassee, Monterey Campbell of Gray Robinson, P.A., Lakeland and Tracy A. Marshall and Dyana L. Petro, of Gray Robinson, P.A., Orlando, for Appellees/Cross-Appellants Adventist Health System Sunbelt.
*493 PALMER, C.J.
Lawrence Destefano appeals the final order entered by the trial court awarding him $500,000 in compensatory damages and $1,000,000 in punitive damages against Rollins Bedford Corporation d/b/a Sunbelt Healthcare and Subacute Center (Rollins). Destefano contends that the compensatory damage award was improperly reduced and that the other defendants were improperly dismissed from the lawsuit. Determining that the compensatory damages found by the jury were improperly reduced, we reverse and remand for the entry of an amended judgment increasing Destefano compensatory damage award to $1,000,000. On all other issues, including the issues raised on cross-appeal, we affirm.
Destefano, individually and as the personal representative of his mother's estate, filed suit against numerous defendants, including Rollins, for libel, slander, civil conspiracy, and battery. The pertinent facts as established at trial, are as follows.
Destefano's mother was an Alzheimer's patient who was admitted to Florida Hospital for treatment of an infection. Four days later, she was released from Florida Hospital and admitted as a patient to Rollins. Two days later, she was transferred to Orlando Regional Healthcare System (ORHS) for an examination. The next day, she was transferred back to Florida Hospital.
Destefano's complaint alleged that, in retaliation for his refusal to surrender a note signed by a Rollins staff member which memorialized the fact that a wound on his mother's foot had not been properly cared for, statements were made by the employees of the various defendants falsely accusing him of engaging in inappropriate sexual conduct with his mother. The defamatory remarks included claims, that Destefano inappropriately kissed his mother and improperly laid with her on her hospital bed. The remarks were written on his mother's medical charts, and verbally expressed to employees of the defendants, to the Department of Children and Families, to the Orlando Police Department, and to an abuse hotline.
The defendants contended alternatively that no defamation had occurred and that, even if defamatory remarks had been made, recovery by Destefano was not warranted because he self-published the defamatory remarks to the public when he picketed in front of Rollins while holding a sign containing the defamatory remarks.
At the close of Destefano's case-in-chief, the trial court entered a directed verdict in favor of all defendants except Rollins and ORHS on the defamation claims, and entered directed verdicts against Destefano on his battery claim and his conspiracy claim.
At the close of all the evidence, the matter went to the jury on the defamation claims against Rollins and ORHS. The jury entered a special verdict finding that Rollins had libeled or slandered Destefano and that he suffered $1,000,000 in damages as a result of said defamatory conduct. The jury further found that ORHS had not libeled or slandered Destefano. The jury also found that Destefano had self-published the defamatory statements to third parties thereby causing damage to himself, and that 50% of his damages were attributable to his self-publication.
The matter then proceeded on Destefano's punitive damage claim. After receiving evidence, the jury awarded Destefano punitive damages against Rollins in the amount of $1,000,000.
The trial court thereafter entered a final judgment against Rollins in the amount of $500,000 in compensatory damages and $1,000,000 in punitive damages. Destefano *494 timely appealed and the defendants cross-appealed.
Destefano first argues his compensatory damages were improperly reduced by the trial court. We agree.
The special verdict form utilized in this case, upon the request of Rollins and over Destefano's objection, contained specific questions concerning the issue of self-publication. Specifically, after asking the question whether Rollins had defamed Destefano, the jury verdict form asked the jury:
What damages did Lawrence Destefano suffer as a direct result of being libeled and slandered by [Rollins]?
The jury wrote: "$1,000,000". The next question asked the jury:
Did Lawrence Destefano self-publish the defamatory statements to third parties and cause the damages that are alleged by him against [Rollins]?
The jury answered: "Yes". The next question then stated:
What portion of Lawrence Destefano's damages are attributable to his self-publication of the defamatory statements to third parties?
The jury responded: "50%". Based upon these findings, the trial court reduced the jury's $1,000,000 compensatory damage award by $500,000.
The special verdict form was at best confusing and, at worst, erroneous. Although the jury could have properly considered whether Destefano's claimed damages were caused in part by his own actions and, accordingly, excluded those portions of his claimed damages from the verdict, the special verdict form, as written, did not accomplish that objective. The first question did not ask what Destefano's overall damages were, but rather, specially asked what damage he suffered as a direct result of being liabled and slandered by Rollins. In answering that question, the jury properly would have had to have excluded that portion of Destefano's overall damages which were caused by his self-publication, since any such damages would not have been suffered "as a direct result of being liabled and slandered by Rollins." As such, the subsequent questions were irrelevant to arriving at a proper compensatory damage award. Accordingly, the jury's compensatory damage award should not have been reduced.
Normally, the proper remedy for addressing such error would be to remand for a new trial on damages; however, during oral argument in this case all parties agreed that, in the event of a reversal on this issue, the appropriate remedy would be reinstatement of the jury's $1,000,000 compensatory damage award. Accordingly, we remand this matter to the trial court with directions to enter an amended judgment increasing the compensatory damage award from $500,000 to $1,000,000.
Destefano also argues that the trial court reversibly erred by entering directed verdicts against three corporate defendants: Adventist Health System/Sunbelt, Inc., Adventist Health System/Sunbelt Healthcare Corporation, and Sunbelt Health Care Centers, Inc. We disagree.
As to Adventist Health System/Sunbelt Healthcare Corporation, Destefano's counsel conceded during trial that he had not presented any evidence against the corporation and stipulated to the entry of a directed verdict as to that defendant. Destefano argues that, since he was not present in the courtroom at the time of the stipulation, he should not be bound by the stipulation. However, Destefano cites no law in support of that claim and the court has found none in its research.
*495 As to the other two corporate defendants, we find no error in the trial court's determination that. Destefano failed to present sufficient evidence from which the jury could find them liable for defamation. Similarly, we conclude that the trial court did not err in entering directed verdicts on the battery and conspiracy claims based upon insufficient evidence. We also find no merit in Destefano's claim of alleged evidentiary errors by the trial court or in the cross-appeal filed by the defendants.
Accordingly, we reverse and remand for entry of an amended final judgment consistent with this opinion.
REVERSED and REMANDED.
SAWAYA, J., and LARUE, T., Associate Judge, concur.